DANILO T. AGUILAR, F0198
Attorney at Law
P.O. Box 505301
First Floor, San Jose Court Building
Cor. Ghiyeghi St. & Wischira Way
San Jose, Saipan, MP 96950
TELEPHONE: (670) 234-8801
FAX: (670) 234-1251

Attorney for Plaintiff
    Kamala Bade Mesik

IN THE UNITED STATES DISTRICT COURT

OF THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KAMALA BADE MESIK, <br><br> Plaintiff <br><br> v. <br><br> DKK INC. AND KIM HONG KYUN <br><br> Defendants | CIVIL ACTION NO. 07-0019 <br><br> **DECLARATION OF COUNSEL IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT** |

I, Danilo T. Aguilar, hereby depose and say:

1. I am a duly licensed attorney and I am admitted to practice before all courts of the CNMI;

2. I am counsel for the named Plaintiff in the above-entitled matter;

3. On or about May 25, 2207, Defendant DKK Inc. was been served with Summons and Complaint filed in this matter.

4. On or about June 07, 2007, we received a letter from Mr. Kim, Hong Kyun, Manager of DKK Inc., in reply to the summons served upon him and his company, please see attached Exhibit A.

5. On or about June 07, 2007, I wrote a letter to Mr. Kim, Hong Kyun directing him to file an answer with the United States District Court. The letter was hand delivered to DKK Inc in Koblerville on June 12, 2007.

6. Thirty-four (34) days have passed since they received the letter and there has been no request of extension or enlargement of time that has been filed.

7. Defendant DKK Inc. was given a reasonable period of time but has not filed anything with the Clerk of Court of the United States District Court. I believe that an entry of default is proper on this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and to the best of my knowledge.

Declarant sayeth naught.

Executed this __18th__ day of July 2007 at Saipan, CNMI.

_____
DANILO T. AGUILAR, F0198
Attorney for Plaintiff

# DKK INC.

P.O. BOX 504345 CK, SAIPAN MP 96950
Tel# 234-5700     Fax# 234-5702

June 2, 2007

Danilo T. Aguilar
Attorney at Law
P.O. Box 505301 San Jose
Saipan, MP 96950

RE:     CASE NUMBER 07-0019

Dear Sir,

I, **KIM, HONG KYUN**, manager of DKK INC. inform to your office as follows:

1. Our company is engaged in a poker shop operating 24 hours within 7 days a week and with 3 (three) employees. But our employees want extra job so they decided to make a settlement with us that they are willing to work for an additional of 4 hours overtime daily without pay in order for them to work for Saturdays and Sundays overtime; and with 2 (two) employees only to work instead of 3 (three) because they want additional money and they are willing for 12 hours workload daily. We accepted and agreed to their settlement with us because there is no difference if we have 2 (two) instead of 3 (three) employees in a poker shop. The amount of salary that we will give to them is still the same and we want also our employees to earn extra income. Based on the time sheet, the employees have 80 regulars hours multiply by $3.05 rate and 32 hours overtime multiply by $4.575 overtime rate.

2. Ms. Mesik practice tardiness in her work and sometimes drunk when performing her duties.

3. According to Ms. Mesik and with her stories to her co-employees, she bought her IR (Immediate Resident) status so her IR is illegal or fraud so we decided to release her so to avoid in any problem that will arise with her status and in order for her to find another job.

Hope to hear from you soonest.

Respectfully Yours,

**KIM, HONG KYUN**
Manager

EXHIBIT A