MARK B. HANSON, ESQ.
Second Floor, Macaranas Building
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:   (670) 233-8600
Facsimile:    (670) 233-5262
E-mail:         mark@saipanlaw.com

Attorney for *Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KAMALA BADE MESIK, | ) CASE NO. CV 07-0019 |
| Plaintiff, | ) |
| vs. | ) |
| | ) MOTION TO DISMISS |
| DKK INC. and KIM HONG KYUN, | ) |
| Defendants. | ) |
| | ) Date:  Thursday, January 3, 2008 |
| | ) Time:  9:30 a.m. |
| | ) Judge: Hon. Alex R. Munson |

COMES NOW the Defendants, DKK, Inc. and Kim Hong Kyun appearing specially through their attorney Mark B. Hanson to challenge the personal jurisdiction of this Court in this matter,[1] with a Motion pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process, or alternatively that the purported service of process on Defendants herein be quashed and that the entry of default issued by the Clerk of Court on July 24, 2007 be vacated.

Defendants further move that Plaintiff be ordered to pay Defendants' costs and reasonable attorney's fees for having to bring this motion. Such an award is proper under the Court's inherent powers and is predicated on the substantial misrepresentations by Plaintiff to the Court necessitating this motion including: the nature and efficacy of Plaintiff's service of process on Defendants, the fact that service was contested by Defendants, and the fact that

---

[1] Defendants expressly reserve issues of personal jurisdiction over them given the failure of service of process in this matter. This motion by Defendants through the undersigned's special appearance is not intended to waive any issues of personal jurisdiction. *See, e.g., Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (defendants specially appearing to challenge personal jurisdiction by preliminary motion do not waive personal jurisdiction as would a general appearance).

Defendants had substantial communications with Plaintiff's counsel in attempts to resolve the dispute without the need to reverse the Clerk's Entry of Default and to re-serve both Defendants.

This Motion is supported by the documents on file in this matter, the following Memorandum and the declarations submitted herewith.

### MEMORANDUM

Where the service of process on defendants to a matter fails to comply with the provisions of Rule 4 of the Federal Rules of Civil Procedure, service is defective and the Court should dismiss the case pursuant to a motion brought Rule 12(b)(5). *See, e.g., Thomas v. Furness (Pacific) Ltd.*, 171 F.2d 434, 435 (9th Cir. 1948) (where service upon corporation was on individual not an officer, agent or general manager of corporate defendant and person served was not authorized to receive service of process issued against corporation defendant, motion to dismiss was properly granted); 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (2006) ("The great weight of the case law is to the effect that the party on whose behalf service has been made has the burden of establishing its validity.").

In the Ninth Circuit, actual notice is not enough to establish personal jurisdiction over defendants to an action; substantial compliance with Rule 4 service is required. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (Goodwin, J.). *See also, e.g., Daly-Murphy v. Winston*, 820 F.2d 1470, 1478-79 (9th Cir. 1987) (service at place of employment insufficient Rule 4 service and will not confer personal jurisdiction over defendant without waiver).

Here, Plaintiff has submitted to the Court that she has obtained good service over both DKK, Inc. ("DKK") and Kim Hong Kyun ("Kim"). *See* Request for Entry of Default, Doc. 004 (entry of default requested as to all defendants); Declaration of Counsel in Support of Request for Entry of Default, Doc. 005 at ¶ 3 (DKK served with summons and complaint); and ¶ 7 ("I believe that an entry of default is proper on this matter"). Based on Plaintiff's submissions, the

Clerk entered the default of "all defendants" on July 24, 2007 as requested by Plaintiff.

The returns of service, however, indicate that neither of the Defendants was properly served. *See* Docs. 002 (DKK) and 003 (Kim).

A. DEFECTIVE SERVICE ON DKK:

DKK, a CNMI corporation, was purportedly served with process by a process server's delivery of a summons for DKK and a copy of the Complaint to an individual named Jin Guang Ri. *See* Return of Service, Doc. 002 and Decl. of Kim Hong Kyun, ¶¶ 11 - 17.

Fed. R. Civ. P. 4(h) prescribes the manner by which service must be accomplished on a domestic corporation. Specifically, Rule 4(h) provides (in pertinent part with emphasis added):

> SERVICE UPON CORPORATIONS AND ASSOCIATIONS. Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), <u>or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant</u>,
> . . .

Here, no waiver of service was obtained. The individual, Jin Guang Ri, that was personally served with the summons for DKK was an employee of P&A Corporation working at the time he was served as an attendant at a laundromat owned and operated by P&A Corporation, not DKK. Kim Decl. at ¶ 13. Jin was not an officer, director, managing or general agent of DKK, nor was Jin even an employee of DKK. *Id.*, ¶ 12.

Plaintiff's service on Jin patently failed to comply with Rule 4(h) and the case against

DKK, therefore, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).[2]

B. DEFECTIVE SERVICE ON KIM:

Kim, an individual residing in the Commonwealth, was purportedly served with process by a process server's delivery of a summons for Kim and a copy of the Complaint to an individual named Adonis Munez supposedly at Kim's place of residence. *See* Return of Service, Doc. 003 and Decl. of Kim Hong Kyun, ¶¶ 5 - 10.

Fed. R. Civ. P. 4(e) prescribes the manner by which service must be accomplished on individuals under these circumstances. Specifically, Rule 4(e) provides (in pertinent part with emphasis added):

> SERVICE UPON INDIVIDUALS WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> * * *
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof *at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein* or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Here, Adonis Munez was indeed served with process intended for Mr. Kim, but not at Mr. Kim's residence. Adonis Munez, a poker room attendant at DK Poker, was served at the poker arcade while he was working therein. *See* Kim Decl., ¶¶ 5-10.

Adonis Munez is not an employee of DKK. *Id.*, ¶ 10. Adonis Munez does not reside at

---

[2] At the very least, as an alternative to outright dismissal, the Court should quash the defective service, vacate any interim entry of default, and require that Plaintiff accomplish proper service over the Defendants to commence the case against them. *See*, *e.g.*, *Vinegar v. United States Marshals Service*, 1996 WL 227860 (S.D. Cal. 1996) (service on marshals' supervisory deputy who said she was authorized, but was not, was ineffective and, because of Rule 4(m) issues, plaintiff required to reserve in lieu of dismissal); *Baade v. Price*, 175 F.R.D. 403 (D. D.C. 1997) (service on receptionist not even employed by corporate defendant was defective where law mandates strict compliance with Rule 4(h); service was quashed, entry of default was set aside and proper service was required).

Mr. Kim's "usual place of abode." *Id.*, ¶ 9. Adonis Munez was not even served at Mr. Kim's "usual place of abode." *Id.* DK Poker is not Mr. Kim's "usual place of abode." *Id.* Adonis Munez was not authorized to accept service of process on behalf of Mr. Kim. *Id.*, ¶ 18.

In short, nothing about Plaintiff's service of a summons and complaint on Adonis Munez comes even close to the requirements of Rule 4(e) service. Because Plaintiff's service on Kim patently failed to comply with Rule 4(e), the case against Kim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).[3]

C.  REQUEST FOR COSTS AND ATTORNEY'S FEES:

Defendants should not have had to bring this motion. As set out in the Declaration of Counsel submitted herewith, Plaintiff and her counsel were well aware of the facts of the defective service here. *See* Decl. of Counsel, generally. With such knowledge, Plaintiff, through counsel, and after reviewing the returns of service from her process server should never have requested an entry of default. Further, when the undersigned contacted Plaintiff's counsel months ago and expressly identified the defective service, Plaintiff's counsel was on notice not only that Defendants, indeed, contested the defective service, but also that Defendants intended to defend in the suit if a non-litigious resolution could not be reached. *Id.*

During the undersigned's first contact with Plaintiff's counsel with regard to this matter, the undersigned informed Plaintiff's counsel that if a resolution could not be reached, Plaintiff would need to perfect service on Defendants. *See* Decl. of Counsel, ¶ 3. Thereafter, over the next several months, the undersigned was told by Plaintiff's counsel that a settlement demand was forthcoming. *Id.*, ¶¶ 7-15.

Then, in correspondence to Plaintiff's counsel on November 14, 2007 after a long awaited settlement figure from Plaintiff, when it looked like litigation would be necessary, the

---

[3] Again, at the very least, as an alternative to outright dismissal, the Court should quash the defective service, vacate any interim entry of default, and require that Plaintiff accomplish proper service over the Defendants to commence the case against them. *See, e.g., Vinegar v. United States Marshals Service*, 1996 WL 227860 (S.D. Cal. 1996); *Baade v. Price*, 175 F.R.D. 403 (D. D.C. 1997).

undersigned again made it clear that if the parties could not resolve the issue by the end of the month, Plaintiff must request that the Clerk vacate its entry of default based on faulty information and serve both Defendants so that the case could properly proceed. *Id.*, ¶ 17.

Instead of correcting the defective service issue and the unwarranted entry of default, Plaintiff moved for a default judgment based on the earlier entry of default knowingly predicated on bad service. *Id.*, ¶ 19.

Plaintiff is a former poker attendant at DK Poker and former co-worker of Adonis Munez. Kim Decl., ¶ 7. Plaintiff and her counsel at all times knew that Adonis Munez was not served at Mr. Kim's "usual place of abode" and that Adonis Munez has never resided in Mr. Kim's usual place of abode in any case.

Further, Plaintiff and Plaintiff's counsel were also well aware that service on the laundromat attendant at P&A Laundry was not service on DKK as they claimed. It would have been simple and routine for Plaintiff's counsel to serve a proper agent of DKK, for example, by serving Mr. Kim directly as the General Manger, which service would have readily satisfied the Rule 4 service requirements for both Defendants.

Here, instead of correcting the patent deficiencies in service of process of which Plaintiff and her counsel were fully aware, Plaintiff chose to proceed with a motion for a default judgment. Further, it appears from the record that Plaintiff has not informed the Court of the issues regarding service in this matter so that the Court could make decisions with regard to the merits of this case with full knowledge that Defendants not only contested the service here (and why), but that Defendants intended to defend and file counterclaims that would off-set any judgment obtained by Plaintiff. *See* Decl. of Counsel, ¶ 24. To the contrary, Plaintiff's counsel, in his declaration in support of Plaintiff's motion for a default judgment states: "It's been several months since the entry of default and Plaintiff's counsel has not heard from the Defendants." Aguilar Decl., Doc. 008, ¶ 5. As detailed in the Declaration of Counsel submitted herewith, nothing could be further from the truth. Decl. of Counsel, ¶¶ 3 - 17.

Defendants' present motion for relief should have been unnecessary. Had Plaintiff and her counsel properly acknowledged the patently defective service here and not failed in their duty of candor to the Court, such disclosure at the very least would have led the Court to question the efficacy of service and, therefore, the efficacy of any judgment the Court could enter. Plaintiff and her counsel instead chose to proceed notwithstanding the patently defective service while misrepresenting to the Court, among other things, that Plaintiff's counsel had not heard from Defendants and that a default judgment is "proper." *See* Aguilar Decl., Doc. 008, ¶¶ 5 and 6.

Accordingly, Defendants believe that it is necessary and proper for the Court to exercise its inherent powers to award Defendants the costs and reasonable attorney's fees associated with bringing the present motions.[4] *See, e.g., Fink v. Gomez*, 239 F.3d 989, 993-994 (9th Cir. 2001) ("mere recklessness, without more, does not justify sanctions under a court's inherent power . . . [b]ut [s]anctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."); *In re Villanueva*, 1 C.R. 952, 956, 959 (D.N.M.I. App. Div., 1984) (courts have the inherent power to regulate the practice of law); *F.J. Hanshaw Enter., Inc. v. Emerald*

---

[4] The undersigned is aware of the general availability of Rule 11 for requesting attorney's fees and costs of defending unmeritorious conduct of opposing parties and their counsel. Here, however, given the new urgency with which Plaintiff's present motion for default judgment is proceeding, and the further prejudice that would result to Defendants therefrom, the 21 day waiting period of a Fed. R. Civ. P. 11 motion would not be prudent in this matter.

Defendants needed to bring this motion for relief at the earliest practicable time after Defendants found out that Plaintiff was going forward with default proceedings despite prior discussions regarding patently defective service. It was not known to Defendants until recently that Plaintiff was actually proceeding despite defective service and that Defendants would need to file the present motions to bring the service defects before the Court. A Rule 11 motion here was impractical given the present circumstances.

In any case, as the cases cited by Defendants herein demonstrate, the Court has the inherent authority to award costs and attorney's fees where necessary and need not proceed through Rule 11 in every instance. *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991), *reh'g. denied* 112 S.Ct. 12 (1991) (courts' inherent power to impose sanctions for bad-faith conduct is not displaced by scheme of statute and rules).

*River Development, Inc.*, 244 F.3d 1128, 1136-37 (9th Cir. 2001) (court has inherent authority to issue sanctions for deplorable litigation conduct).

## CONCLUSION

Based on the foregoing arguments presented and the law cited therein, Defendants respectfully request that the Court grant its motions, specifically:

That Plaintiff's Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for failure to properly serve Defendant DKK pursuant to Fed. R. Civ. P. 4(h) by leaving a summons for DKK and a copy of the Complaint with a laundromat attendant who was employed and working for a company not even owned and operated by DKK;

That Plaintiff's Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for failure to properly serve Defendant Kim pursuant to Fed. R. Civ. P. 4(e) by leaving a summons for Kim and a copy of the Complaint with a poker room attendant at a poker arcade and not at Kim's residence as claimed by Plaintiff;

That, alternatively, the Court quash the service on DKK and Kim for the foregoing reasons and require that Plaintiff properly serve DKK and Kim;

That the Court vacate and set aside the Clerk's July 24, 2007 Entry of Default against the Defendants for good cause shown, *i.e.*, defective service; and

That the Court award Defendants their costs and reasonable attorney's fees for having to bring the present motions which, absent Plaintiff's conduct and the conduct of her counsel, would not have otherwise been necessary.

//
//
//
//

1
2   DATED this 27th day of November, 2007.
3
                                                /s/ Mark B. Hanson
4   _____
                                                MARK B. HANSON
5
                                                Second Floor, Macaranas Building
6                                               Beach Road, Garapan
                                                PMB 738, P.O. Box 10,000
7                                               Saipan, MP 96950
                                                Telephone:    (670) 233-8600
8                                               Facsimile:    (670) 233-5262
                                                E-Mail:       mark@saipanlaw.com
9
                                                Attorney for *Defendants*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE

I hereby certify that the following was served with a copy of the foregoing Motion, the Declaration of Kim Hong Kyun, the Declaration of Counsel, and a Notice of Hearing via the Court's electronic case filing system:

Danilo T. Aguilar, Esq.
Attorney at Law
First Floor, San Jose Court Bldg.
P.O. Box 505301
Cor. Ghiyeghi St. & Wischira Way
Saipan, Mariana Islands 96950
E-mail:       aguilar@pticom.com

DATED: ___November 27, 2007___          /s/ Mark B. Hanson
                                         _____
                                         MARK B. HANSON