DANILO T. AGUILAR, F0198
Attorney at Law
P.O. Box 505301
First Floor, San Jose Court Building
Cor. Ghiyeghi St. & Wischira Way
San Jose, Saipan, MP 96950
TELEPHONE: (670) 234-8801
FAX: (670) 234-1251

Attorney for Plaintiff
      Kamala Bade Mesik

IN THE UNITED STATES DISTRICT COURT

OF THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KAMALA BADE MESIK, | CIVIL ACTION NO. 07-0019 |
| Plaintiff | |
| v. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE DECLARATIONS.** |
| DKK INC. AND KIM HONG KYUN | |
| Defendants | |

COMES NOW Plaintiff, by and through counsel of record Danilo T. Aguilar, and hereby submits her response (opposition) to Defendants' motion to strike declarations. This response is supported by the pleadings filed in this matter, the attached declaration of Javier Atalig, Jr., declaration of Danilo T. Aguilar, and any evidence that may be adduced at a hearing on this motion.

**ARGUMENT**

First, Plaintiff does not dispute the language contained in Local Rule 7.1.c.4 nor does Plaintiff dispute the dates of filing that are alleged in Defendants' motion. However, it is Plaintiff's position a motion to strike should not be granted upon a showing that a failure to timely file an opposition brief was

substantially justified or was harmless. *See Galentine v. Holland America Line-Westours, Inc.*, 333 F.Supp.2d 991 (W.D. Wash. 2004), *citing Yeti by Molly LTD v. Deckers Outdoor Corporation*, 259 F.3d 1101. In this case, Plaintiff submits the declaration of Javier Atalig, Jr. to explain the delay in the filing of the opposition brief. Mr. Atalig was unavailable to complete his supporting declaration until after December 20, 2007. The filing of the opposition brief without the declaration of Javier Atalig would have made the opposition brief incomplete. *See* Declaration of Danilo Aguilar.

In addition, the court should consider that the "late filing" was harmless to the Defendants. "The Ninth Circuit has analyzed the element of harmless by looking at whether the failure to disclose information prejudiced the opposing party". *Galentine*, 333 F.Supp.2d at 993. Although Plaintiff does not downplay the seriousness of this oversight in complying with Local Rule 7.1.c.4, Plaintiff would note that Defendants have not asserted any prejudice for the 8 day delay in the filing of the opposition brief. Unlike in the situation of failing to make timely filings of disclosures in discovery, the opposition brief here does not contain any disclosures regarding evidence that would be critical to a party's case. Defendants do not make any claim that they will be unable to properly prepare for trial or that they have been unable to formulate a response to the opposition by the small delay in filing.

## **CONCLUSION**

Although Plaintiff admits that the local rule requires filing of briefs within a certain period of time and that Plaintiff did not comply with those time requirements, Plaintiff believes that there was justification for the late filing and

2

1  that the delay was "harmless" to the Defendants.  On that basis, Plaintiff requests
2  that Defendants' motion to strike be denied.
3        Respectfully submitted this 9th day of January, 2008.

          /s/ Danilo T. Aguilar
**DANILO T. AGUILAR, ESQ.**
Attorney for Plaintiff

3